Argued September 28, affirmed in part, reversed in part and remanded
December 18, 1978

HOEHNE et ux, *Petitioners,*
*v.*
OREGON LIQUOR CONTROL COMMISSION et al,
*Respondents.*
(CA 11160)

588 P2d 87

Thomas F. Burke, Coquille, argued the cause and filed the brief for petitioners.

Al J. Laue, Assistant Attorney General, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

BUTTLER, J.

## BUTTLER, J.

Petitioners operate a tavern in Myrtle Point, Oregon, in connection with which they hold a Retail Malt Beverage license authorizing the sale of malt beer containing not more than 8 percent alcohol by weight and wine containing not more than 14 percent alcohol by volume. They were charged by respondent with violating ORS 471.475[1] by storing alcoholic liquor on the licensed premises, and with violating ORS 471.675[2] by hindering an officer of the Oregon Liquor Control Commission (Commission) in the performance of his duties by destroying evidence. This appeal is from an order, after a contested case hearing, cancelling petitioners' license.

■ With respect to the charge of "storing,"[3] the Commission found:

"* * * * *

---

[1] ORS 471.475 provides:

"No person who owns, operates or conducts a private or public club or place and who is not in possession of a license issued by the commission permitting the mixing, storing and serving of alcoholic liquor at said premises, and no agent, servant or employe of such person, for a financial consideration by way of a charge for service, membership fee, admission fee, initiation fee, club dues, contributions, or other fee or charge, shall serve or permit to be served, or use or permit to be used, any room, place, bar, glasses, mixers, locker, storage place, chairs, tables, cash registers, music devices, furniture, furnishings, equipment or facilities, for the mixing, storing, serving or drinking of alcoholic liquor."

[2] ORS 471.675 provides:

"No person shall forcibly resist lawful arrest or interfere with or hinder any officer or inspector authorized by the commission, or other competent authority, in the investigation of any infringement of the Liquor Control Act, or in the making of any lawful search, examination, or seizure in the performance of his duties to that end."

[3] "The violations charged against you are as follows:

"Violation of ORS 471.475 in that, on August 26, 1977, at the approximate time of 6:50 PM, you stored alcoholic liquor on your licensed premises in violation of your OLCC license privileges, which do not include the mixing, serving, or storing of such alcoholic liquors; * * *

"* * * * * *"

"2. On or about August 26, 1977, inspectors of the Commission visited licensees' outlet for an inspection and observed two Nehi quinine water quart bottles, each one-half full, beneath the bar near the tap system.

"3. The liquid in each bottle was smelled and tasted. One bottle contained undiluted gin.

"4. Gin is not a malt beverage, nor is it wine, and licensees do not have a license to sell or store this form of alcoholic liquor.

"5. The gin was stored in bottles labeled as "quinine water" beneath the bar.

"* * * * *."

While those findings are supported by substantial evidence, ORS 471.475 requires that there be a "financial consideration by way of a charge for service, membership fee, admission fee, initiation fee, club dues, contributions, or other fee or charge" in order for the storing to be prohibited. No such finding was made.

Respondent contends, however, that the statute does not require direct proof of financial consideration and that the "inference drawn by the Commission in its Ultimate Findings of Fact"[4] is supported by the record. We discern no such inference in the Ultimate Findings of Fact set forth in full in the margin. Further, the findings do not support any inference that petitioners stored the gin for a fee or charge.

We hold that the "storing" violation charged to petitioners is not supported by adequate findings.

■ The findings of fact with respect to the second violation, that of hindering an officer of the Commission in the performance of his duties, are supported by the record. Petitioners' principal contention seems to

---

[4] The Ultimate Findings of Fact are as follows:

"Licensees are not in possession of a Commission license to sell gin for a fee or other charge, nor a Commission license to mix, store or serve gin for a fee or charge. Licensees hindered, resisted and interfered with Commission inspectors' attempts to seize said gin while they were performing their duties."

be that only one of the two joint licensees was involved in the hindering, and therefore the finding that licensee Larona Hoehne grabbed one bottle of gin and began pouring it into the sink does not support the conclusion that the licensees hindered the inspectors. There is no merit to that contention; a violation by one of two or more joint licensees constitutes a violation of the license privileges.

■ Because we have held that one of the charged violations is not supported by adequate findings, we remand this proceeding to the Commission for such further proceedings it may deem appropriate or for such further consideration it may wish to give the sanction imposed. *See Palen v. State Bd. of Higher Education,* 18 Or App 442, 525 P2d 1047, *rev den* (1974); *LaMar's Enterprises, Inc. v. OLCC,* 18 Or App 77, 524 P2d 336, *rev den* (1974).

Affirmed in part, reversed in part, and remanded.