Argued and submitted December 1, 1986, reversed and remanded for reconsideration
March 4, 1987

WALTON,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(86-AB-618; CA A40055)

733 P2d 464

Charles J. Merten, Portland, argued the cause for petitioner. On the brief were Gloria Gardiner and Merten & Fink, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Hood River County Public Works Department.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Petitioner seeks review of an Employment Appeals Board order affirming a hearings referee's order that denied unemployment benefits under ORS 657.176. We reverse and remand for reconsideration.

In December, 1985, petitioner was fired by his supervisor, who accused him of misuse of county vehicles and misappropriation of county supplies. The supervisor informed petitioner that the misappropriation charge "is a result of your instructing two of your employees to fill several sandbags with sand and then taking the sandbags for personal use." After petitioner applied for unemployment benefits, the Employment Division made separate administrative decisions on the two charges. Regarding the misappropriation charge, the Division concluded:

> "[W]ithout an admission of the commission of theft or a conviction in a court of competent jurisdiction, benefit rights based on wages earned prior to the date of discharge may not be cancelled. You were discharged, but not because of the commission of theft in connection with your work."

The administrative decision was that petitioner's benefits were allowed, if he was otherwise eligible. That decision was not appealed.

In a separate decision, the Division found that petitioner was discharged for misuse of county vehicles for personal use and denied him benefits on that ground. Petitioner requested a hearing on that decision. The referee said:

> "At the very least, the record shows that, despite previous pertinent warnings, claimant used his employer's truck to deliver a turkey to a friend. That in itself justifies the conclusion of disqualifying misconduct."

EAB affirmed on the basis of these findings:

> "(1) The claimant worked for the above employer from 1969 to December 31, 1985, last as a road foreman. (2) Although he was on occasion given specific permission to stop for a personal errand while using the employer's truck (e.g. going to the dentist, stopping at a bank), the claimant was warned not to use the vehicle and work hours for personal reasons. (3) The claimant used the county's vehicle during work hours to deliver a Christmas turkey to a personal friend. (4) He had two employees under his supervision load three

bags of sand from the county's stockpile into the pickup assigned to the claimant for claimant's personal purposes at home. (5) He was discharged for taking the sand and for using the truck for unauthorized personal purposes."

Petitioner contends that the misappropriation of the sand is irrelevant, because that issue was not properly before EAB. We agree. No request was made for a hearing on the administrative decision which determined that petitioner was not discharged for misappropriation, and it became final. ORS 657.265(3) and (6). Because that decision was final, it was error for EAB to consider evidence of the alleged misappropriation. We have no way to determine whether or how exclusion of that evidence would have affected the Board's decision. Because EAB impermissibly considered evidence of the misappropriation, we remand for reconsideration. *See Hoehne v. OLCC,* 37 Or App 621, 588 P2d 87 (1978); *Palen v. State Bd. Higher Education,* 18 Or App 442, 525 P2d 1047, *rev den* (1974).

Reversed and remanded for reconsideration.